IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DIANNA LYNN BOND                                                                    PLAINTIFF

vs.                                     Civil No. 4:07-cv-04056

MICHAEL J. ASTRUE                                                                 DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Dianna Lynn Bond ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 2).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an application for DIB on July 28, 2005.  (Tr. 12).  In this application and in supporting documents filed with the SSA, Plaintiff alleged she was disabled due to shoulder problems and depression.  (Tr. 12, 54).  Plaintiff alleged an onset date of June 30, 2005.  (Tr. 12).  Her application was initially denied on September 12, 2005, and was denied again on reconsideration

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

on December 5, 2005. (Tr. 31-32).

On March 6, 2006, Plaintiff requested an administrative hearing on her application. (Tr. 33). The hearing was held on January 25, 2007, in Texarkana, Arkansas. (Tr. 174-211). Plaintiff was present but was not represented by counsel at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Ken Waits testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty-nine (59) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e), and had a twelfth grade education. (Tr. 15).

On March 23, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB. (Tr. 12-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2007. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 30, 2005, the alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following medically determinable impairments: myalgias,[2] depression, anxiety, bipolar disorder, personality disorder, and pain. (Tr. 14, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or combination of impairments that significantly limited (or were expected to significantly limit) Plaintiff's ability to perform basic work-relative activities for twelve consecutive months. (Tr. 14, Finding 4). Therefore, the ALJ determined that Plaintiff did not have a severe impairment or combination of impairments. *See id.* Based upon this determination, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, at any time from June 30, 2005 through the date of the ALJ's decision or through March 23, 2007. (Tr. 18, Finding 5).

On April 19, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable

---

[2] "Myalgia" is defined as "Muscular pain." *PDR Medical Dictionary* 1265 (3rd ed. 2006).

2

decision. (Tr. 6). On June 2, 2007, the Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the final decision of the SSA. (Tr. 3-5). *See* 20 C.F.R. § 404.984(b)(2). On June 18, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on June 25, 2007. (Doc. No. 2). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

3

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

 **A. Parties' Arguments**

Plaintiff brings the present appeal raising two issues: (A) the ALJ's disability determination is not supported by substantial evidence in the record and (B) the ALJ's determination that Plaintiff is capable of performing her Past Relevant Work ("PRW") as a bank teller or office manager is not

supported by substantial evidence in the record. (Doc. No. 5, Page 1). In her appeal brief, Plaintiff references several of her medical records but otherwise provides very little substantive briefing supporting her claims. *See id.* at 1-5. In response to Plaintiff's claims, Defendant argues that the ALJ properly found that Plaintiff did not meet her burden of proving she suffered from a severe impairment. (Doc. No. 6, Pages 3-7). Defendant argues that Plaintiff alleged disability due to shoulder, neck, and mental problems. *See id.* However, despite Plaintiff's complaints of suffering from severe impairments, Defendant argues that Plaintiff's conditions were apparently controlled with medication and should not have been considered severe. *See id.* Defendant argues that Plaintiff offered no objective medical evidence supporting her claimed functional restrictions. *See id.* Defendant argues that without evidence of some restrictions, Plaintiff cannot establish that she suffered from a severe impairment. *See id.*

**B. The ALJ's Development of the Record**

After reviewing the transcript and the parties' appeal briefs, this Court finds that the ALJ did not fully and fairly develop the record as required by the Social Security Regulations ("Regulations")[3] and that this case must be reversed and remanded. *See* 20 C.F.R. § 404.1512. *See also* 42 U.S.C.A. § 423(d)(5)(B). Pursuant to the Regulations, the ALJ must fully and fairly develop the record both by re-contacting medical sources and by ordering additional consultative examinations, if necessary. *See* 20 C.F.R. § 404.1512. Specifically, the ALJ is required to re-contact medical sources whenever the evidence the ALJ receives from a claimant's medical source is inadequate to determine whether the claimant is disabled. *See id.* § 404.1512(e). The ALJ is

---

[3] Because the ALJ failed to fully and fairly develop the record, this Court will not address Plaintiff's other arguments.

required to order a consultative examination at the SSA's expense if the information needed is "not readily available from the records" or if the ALJ is "unable to seek clarification from your [the claimant's] medical source." *See id.* § 404.1512(f).

The ALJ has a duty to fully and fairly develop the record in all cases, even when the claimant is represented by counsel. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). However, in cases where a claimant is not represented by counsel, the ALJ should be particularly careful in ensuring that the record is fully and fairly developed. *See Driggins v. Harris,* 657 F.2d 187, 188 (8th Cir. 1981). As noted by the Eighth Circuit in *Driggins:* "The claimant has the burden of establishing the existence of a disability, but the ALJ has a duty to develop the facts fully and fairly, particularly when the claimant is not represented by counsel." *Id.*

In the present action, the transcript and the medical records are not complete, and the ALJ did not fully and fairly develop the record. (Tr. 70-173). Plaintiff was not represented by counsel during the hearing before the ALJ, and the ALJ had a duty, especially because Plaintiff was unrepresented, to ensure that the record was fully developed. *See Driggins,* 657 F.2d at 188. The ALJ should have re-contacted Plaintiff's treating physician(s) and should have considered ordering a consultative examination, if necessary, to determine whether Plaintiff's chronic muscle pain and fatigue, depression, and bipolar disorder were severe impairments and to determine whether Plaintiff had any other impairment or combination of impairments that significantly limited her physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1521(a).

### 1. Chronic Muscle Pain and Fatigue

Plaintiff's medical records indicate that she suffers from the severe impairment of chronic muscle pain and fatigue or fibromyalgia. Plaintiff's medical records consist primarily of treatment

records that do not provide specific references to her work limitations. (Tr. 70-173). However, all of Plaintiff's medical records–including her treatment records from Dr. Bryan Bowen, M.D. and her other medical records Dr. Michael E. Clevenger, M.D., UAMS Area Health Education Center, and the Family Medical Group of Texarkana–indicate that she suffers from chronic pain and fatigue. (Tr. 70-173).

On May 11, 2005, during her most recent medical appointment with Dr. Bowen, her treating physician, Plaintiff reported to suffer from "myalgias, muscle weakness, and difficulty swallowing." (Tr. 78). Dr. Bowen's impression was that Plaintiff suffered from myalgias and depression. *See id.* On May 13, 2005, at the request of Dr. Bowen, Dr. Clevenger examined Plaintiff and conducted a neurological consultation. (Tr. 91-94). Dr. Clevenger diagnosed Plaintiff with "Chronic fatigue syndrome." (Tr. 92). In this report, Dr. Clevenger also noted the following: "The patient's symptoms *are somewhat suggestive of fibromyalgia*.[4] If no abnormalities are found on her laboratory and radiologic investigations, then treatment directed toward this condition will be considered." (Tr. 94) (emphasis added). On August 2, 2005, Plaintiff was examined at the Family Medical Group of Texarkana. (Tr. 142-146). During this examination, her movements were found to be painful, her flexion, extension, and rotation were found to be restricted, and she was assessed with myalgia and myositis.[5] *See id.* On September 30, 2005, Plaintiff was examined at the UAMS Area Health Education Center and reportedly suffered from "generalized muscle pain" that had "been going on for over 10 yrs." (Tr. 101). The physician at UAMS Area Health Education Center noted that Plaintiff had "seen many physicians for this and is currently undiagnosed." *See id.*

---

[4] "Fibromyalgia" is defined as "A common syndrome of chronic widespread soft-tissue pain accompanied by weakness, fatigue, and sleep disturbances; the cause is unknown." *PDR Medical Dictionary* 725 (3rd ed. 2006).

[5] "Myositis" is defined as an "Inflammation of a muscle." *Id.* at 1275.

7

These records indicate that Plaintiff suffers from some type of chronic muscle pain and fatigue. However, the records are not complete because they do not provide a basis for determining whether Plaintiff's chronic muscle pain and fatigue are severe impairments. On remand, the ALJ must fulfill his or her statutory duty by further developing this record. *See* 20 C.F.R. § 404.1512. *See also* 42 U.S.C.A. § 423(d)(5)(B). The ALJ must re-contact Plaintiff's physicians or order a consultative examination (or both, if necessary) to determine whether Plaintiff's chronic muscle pain and fatigue are severe impairments that significantly limit her physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1521(a).

### 2. Depression and Bipolar Disorder

Plaintiff's medical records also indicate that Plaintiff suffers from the severe impairments of depression and bipolar disorder. In his opinion dated March 23, 2007, the ALJ acknowledged that Plaintiff *did suffer* from both depression and bipolar disorder but found that those impairments were not severe impairments. Although Plaintiff's medical records do not specifically provide that Plaintiff's depression and bipolar disorder significantly limit her physical or mental ability to do basic work activities, they do indicate that these problems may have resulted in such limitations in her ability to perform basic work activities.

On May 11, 2005, Plaintiff's treating physician, Dr. Bowen, noted that Plaintiff suffered from depression. (Tr. 78). From July 20, 2006 through November 29, 2006, Plaintiff was treated by a Psychiatrist, Dr. Shahzad Allawala, M.D., at the Southwest Arkansas Counseling and Mental Health Center for her depression and bipolar disorder. (Tr. 147-170). On August 14, 2006, Dr. Allawala diagnosed Plaintiff with "Bipolar Disorder, without psychotic features, recent episode depressed." (Tr. 152). Dr. Allawala noted that Plaintiff described her symptoms from her Bipolar Disorder as

follows:

> [She reported having] episodes of two to three days with burst of energy, no need to sleep, talkative, pressured speech, feeling like she is on top of the world, and then going to depression with decreased energy, low self-esteem, difficulty sleeping at night, no energy, and feeling bad for herself.

(Tr. 151). Dr. Allawala prescribed Plaintiff Trileptal[6], Lexapro[7], and Klonopin[8] to treat her symptoms. (Tr. 152). On October 16, 2006, Dr. Allawala examined Plaintiff during a follow-up appointment and found that she "continues to get angry and irritable" and that she "does not have energy, she has low self-esteem." (Tr. 150). Dr. Allawala increased Plaintiff's prescription for Lexapro and Trileptal. *See id.* On November 29, 2006, Dr. Allawala examined Plaintiff during a second follow-up appointment and found that Plaintiff was "doing much better with increase of Trileptal and Lexapro" but that Plaintiff "continued to have some anxiety, especially when . . . around people." (Tr. 149).

There are no further records from Dr. Allawala; and absent additional information, it is unclear whether Plaintiff's medications fully controlled her symptoms of depression and bipolar disorder. The single record from Dr. Allawala dated November 29, 2006, finding Plaintiff was doing "much better," does not provide sufficient detail to determine whether Plaintiff's depression and bipolar disorder are controlled with medication. The ALJ should have either re-contacted Dr. Allawala or ordered a consultative examination to further develop the record and determine whether Plaintiff suffered from the severe impairments of depression and bipolar disorder and whether those

---

[6] Trileptal is used to treat certain types of seizures in patients with epilepsy. *See* Drug Information Online, http://www.drugs.com/cdi/trileptal.html (last visited May 29, 2008).

[7] Lexapro is used to treat depression or generalized anxiety disorder. *See* Drug Information Online, http://www.drugs.com/cdi/lexapro.html (last visited May 29, 2008).

[8] Klonopin is used to treat seizure disorders and panic disorders. *See Physicians' Desk Reference* 2732-33 (62nd ed. 2008).

9

impairments were controlled with medication.  *See* 20 C.F.R. § 404.1512.  *See also* 42 U.S.C.A. § 423(d)(5)(B).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of June, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE